1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAVIER SANCHEZ, et al.,<br><br>                             Plaintiffs,<br>   vs.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>                            Defendants. | CASE NO. 09-CV-2808 W (POR)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br>**(Doc. No. 15.)** |
|---|---|

      On May 25, 2010, Defendants Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB and named herein as "World Savings Bank, FSB, and Wachovia Mortgage, FSB," moved to dismiss Plaintiffs Javier Sanchez and Martina Sanchez's ("Plaintiffs") complaint pursuant to Federal Rules of Civil Procedure 9, 12(b)(6), and 12(e). (Doc. No. 15.)

1  The Court decides the matter on the papers submitted and without oral
2  argument. See S.D. Cal. Civ. R. 7.1(d.1)  And for the reasons stated below, the Court
3  **GRANTS** Defendants' motion to dismiss. (Doc. No. 15.)

## I. BACKGROUND

Plaintiffs were the title holders of a house located at 29760 Miller Road, Valley Center, CA 92082. (the "Property")  Defendants are a collection of financial institutions that were involved with the mortgage on the Property.

On or about July 25, 2005, Plaintiffs purchased the Property for $575,000 by signing a note in the amount of $575,000 secured by a first deed of trust. (Doc. No. 1 at ¶ 7.)  At some point, Plaintiffs began having difficulty making payments on their mortgage.  On August 7, 2009, a "Notice of Default" was recorded on the Property. (*Id.* at ¶ 23.)  On January 28, 2009, the Property was sold at a Trustee's Sale. (*Id.* at ¶ 24.)

On December 15, 2009, Plaintiffs filed the instant lawsuit, asserting seven claims against the Defendants, including claims for intentional misrepresentation and violations of various statutes that dictate lending practices. (Doc. No. 1.)

On March 29, 2009, Defendants filed a motion to dismiss. (Doc. No. 10.)  On April 19, 2010, Plaintiffs filed a First Amended Complaint ("FAC"), which mooted the pending motion to dismiss. (Doc. Nos. 13, 14.)

On May 25, 2010, Defendants filed a motion to dismiss the FAC. (Doc. No. 15.)  Defendants motion was set to be heard July 19, 2010.  As such, any opposition to Defendants' motion was due July 2, 2010.  See S.D. Cal. Civ. R. 7.1(e.3)  To date, Plaintiffs have not filed an opposition, nor have they requested an extension of time in which to do so.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  FED. R. CIV. P.

12(b)(6). A 12(b)(6) motion tests a complaint's legal sufficiency. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Thus, dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See id. "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed . . . whether it is based on an outlandish legal theory or a close but ultimately unavailing one." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (citations omitted). Thus, a court should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Finally, a court must accept the complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff. See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

### III.  DISCUSSION

The Court grants Defendants' motions based upon Plaintiffs' failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond); accord Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003)(affirming Ghazali's applicability to Rule 12(b) motions).

Moreover, Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." Here, Plaintiffs has failed to oppose or to request an extension of time in which to do so. Relying on Civil Local Rule 7.1(f.3.c), the Court interprets Plaintiffs' failure to oppose Defendants' motion to dismiss as a consent to its merits.

1  As mentioned above, Plaintiffs have already been afforded an opportunity to amend their Complaint. Accordingly, the Court will **GRANT** Defendants' motion **WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: July 19, 2010

*[signature]*
Hon. Thomas J. Whelan
United States District Judge